SECOND DISTRICT COURT OF PATERSON.

LIBERTY MUTUAL INSURANCE CO. v. MAHIEU
CONSTRUCTION CO.

Decided December 3, 1947.

For Liberty Mutual Insurance Co., *John W. Taylor.*

For Mahieu Construction Co., *Cox & Walburg.*

SILBERMAN, D. C. J.  It appears that in the stipulated facts one, James C. Kearney, was employed by the Croft Steel-windows, Inc., engaged in work at the Paterson Savings Institution, Market Street, Paterson, New Jersey.  He was injured and received compensation from the Compensation Court in the State of New York.  As a result of the compensation claim, the plaintiff herein in compliance with the provisions of the New York court expended the sum of $66.85 for hospitalization, &c.

It appears further that in the compensation laws of the State of New York section 29, subdivision 1, there is a provision wherein the employee may bring action within six months after the award of compensation and before one year against the third party who might be involved or responsible

for the injury. The act provides further than in such case the payor of compensation shall have a *lien* on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of reasonable and necessary expenses. Notice of the commencement of such action shall be given within thirty days thereafter to the Commissioner, to the employer and to the insurance carrier, upon a form prescribed by the Commission.

The notices, &c., were all served in compliance with the rules and regulations and requirements as is provided in the New York statute, and that subsequently the litigation by James C. Kearney against the defendant herein in the United States District Court, District of New Jersey, was settled and Kearney received from the Mahieu Construction Co. or its insurance carrier the sum of $250 in full settlement. This payment was made by the New York Casualty Co., the insurance carrier for the defendant herein in Newark, New Jersey, and no provision, arrangement or deduction was made for the lien placed upon the litigation by the plaintiff herein.

The question resolves itself into one as to whether or not the courts of the State of New Jersey recognize and follow the regulations of the State of New York, and whether or not the New York legislature can impose its regulations upon persons or corporations in the State of New Jersey. There is no question in the court's mind that where the laws of a foreign state do not conflict with the laws of our state nor the public policy of this state, it is the duty of our courts to recognize and enforce the laws of said sister state. In circumstances similar to the case at bar the Revised Statutes 34:15–40, *N. J. S. A.* 34:15–40, provides for a somewhat similar protection to situations analogous or identical hereto and the only difference being that instead of actually imposing a lien upon the funds, the State of New Jersey gives the right to sue. In other words, the purpose in both states is to protect the rights of both the injured workman and the insurance carrier; the procedure is minutely different in the respective states. Where the doctrine of state comity is involved the rule is that where the laws of a foreign state do not conflict with the public policy of this state, it is the duty

of our courts to recognize and enforce the laws of said sister state. See *Zurich Accident, &c.,* v. *Ackerman Bros., Inc.,* 124 *N. J. L.* 191; 11 *Atl. Rep.* (*2d*) 52; *Giardini* v. *McAdoo,* 93 *N. J. L.* 138; 107 *Atl. Rep.* 437. Because New York State goes somewhat further and imposes a lien upon the proceeds while the State of New Jersey permits a suit to be instituted for the recovery of the money is no reason to determine that the intent is not the same for the protection of the employer, employee and the insurance carrier.

Under the circumstances, the defendant herein is responsible for failure to conform with the notice received under the laws of the State of New York which are analogous to our workmen's compensation laws. Judgment will be rendered in favor of the plaintiff and against the defendant in the sum of $66.85.